UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. T.,<br>        Plaintiff,<br>    v.<br>ANTIOCH UNIFIED SCHOOL DISTRICT,<br>        Defendant. | Case No. 18-cv-02992-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT GUARDIAN AD LITEM**<br><br>Docket No. 24 |

Plaintiff J.T., a minor, brings this suit against the Antioch Unified School District ("District") under the Fourteenth Amendment, the Individuals with Disabilities Education Act ("IDEA") and various other federal statutes. N.M., the mother of J.T., seeks to be appointed as J.T.'s guardian ad litem in this case. For the reasons stated below, N.M.'s motion to be appointed guardian ad litem is **GRANTED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

J.T., who is currently thirteen years old, became a student in the District in 2014. Docket No. 1 (Compl.), ¶¶ 25–27. Due to certain learning impairments, J.T. entered the District with an Individualized Education Plan ("IEP"). *Id.* ¶¶ 27–28. The District allegedly failed to implement the services identified in J.T.'s IEP. *Id.* ¶¶ 93–94. As a result, J.T. filed a Due Process Complaint with the Office of Administrative Hearings ("OAH") in 2017. *Id.* ¶ 13. The Office of Administrative Hearings issued a decision on February 22, 2018 largely denying J.T.'s claims. *See* Docket No. 1-1, Exh. 2 (OAH decision).

J.T. filed the instant appeal of the OAH decision under 20 U.S.C. § 1415(i)(2)(A). The District filed a motion to dismiss, arguing, *inter alia*, for dismissal without prejudice because although N.M. "identif[ied] herself as guardian ad litem in the caption of the Complaint, the

1 docket does not that reflect [sic] any petition for guardianship has been filed or approved by the Court, and there are no allegations to this effect in the body of the Complaint." Docket No. 20 at 5. J.T. then petitioned the Court to appoint N.M. as his guardian ad litem.[1] *See* Docket No. 24. The petition identifies N.M. as the parent "who holds legal guardianship and custody" of J.T. *Id.* at 1.

## II. DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 17(c)(2) requires that "[t]he court must appoint a guardian ad litem . . . to protect a minor or incompetent person who is unrepresented in an action." An individual's capacity to sue is determined by the law of his domicile. Fed. R. Civ. P. 17(b). Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6502. A minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code § 6601. The court may appoint a guardian ad litem to represent a minor's interests in the litigation. Cal. Code Civ. P. § 372(a).

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court," and the main consideration for the district court is protection of the minor's interest. *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804–05 (9th Cir. 1986). In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Superior Court*, 54 Cal. Rptr. 3d 13, 23 (Cal. Ct. App. 4th 2007) (citation and internal quotation marks omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id*.

---

[1] After J.T.'s petition was filed, the District filed an objection to the petition, which repeats the arguments made in the motion to dismiss. *See* Docket No. 25 (District's objection).

2

B. <u>Analysis</u>

J.T. is under the age of eighteen, and therefore a minor under California law. Cal. Fam. Code § 6502. As a minor, his ability to bring suit is contingent upon the appointment of a guardian ad litem, and N.M. may serve as his guardian ad litem so long as it would protect his interests.

The District contends that N.M. may not be an appropriate guardian ad litem due to a potential conflict of interest arising from N.M. "asserting claims on her own behalf" in this litigation, without further elaborating why N.M.'s claims are potentially at odds with J.T.'s interests. Docket No. 20 at 5.

Although the case docket shows J.T. as the sole plaintiff, the complaint characterizes N.M. as an additional plaintiff and asserts certain claims arising from violations of her rights. *See, e.g.*, Compl ¶¶ 107–35 (alleging violations of N.M.'s procedural rights). However, the complaint primarily seeks relief for J.T. *See* Compl. ¶¶ 93–98, 136–39 (for the free and appropriate public education that the District allegedly denied J.T.); *id.* ¶¶ 145–62 (for alleged racial discrimination in violation of J.T.'s rights under the Fourteenth Amendment to the U.S. Constitution, the Civil Rights Act of 1964, and the Equal Educational Opportunities Act). While the complaint also seeks monetary damages, it does not appear that N.M. is asking for the damages on her own behalf. *See, e.g.*, Compl. at 27 (requesting "[m]onetary penalty or judgment against the District, for the District's failure to produce records"). It appears from the body of the complaint that the relief N.M. is requesting for herself is injunctive and equitable. *See* Compl. ¶ 130 (seeking order "determining Parent was denied informed consent and pre-determined placement"), ¶ 134 (seeking order "requiring the District to develop procedures . . . [to] ensure parents have meaningful participation").

Several cases have found potential conflicts of interest where both the proposed guardian ad litem and the minor sought damages, and the monetary damages sought by the proposed guardians comprised a significant part of the overall remedies. For example, in *J.H. v. Williamson County*, No. 3:14-2356, 2016 WL 6071892 (M.D. Tenn. Oct. 17, 2016), the court ordered the appointment of an independent guardian ad litem for a minor asserting claims arising out of an

3

alleged rape at a juvenile detention center. *Id.* at *1. The court did not appoint the minor's mother as guardian because "certain of the damages sought [amounting to millions of dollars] . . . are personal to [the mother] and not recoverable by [the minor]," and the mother's "interest in obtaining some kind of recompense for what is a very substantial personal loss to her creates a conflict." *Id.* at *2. Similarly, the court in *Ballard v. Johnson*, No. CV 15-11039, 2017 WL 1151166 (E.D. Mich. Mar. 28, 2017) refused to appoint the adult daughter of the minor plaintiffs' foster parent as their guardian ad litem where the foster parent sought "monetary damages on her own behalf and for the Children" for alleged constitutional violations and state-law torts. *Id.* at *5. *Ballard* observed that "[w]hile Plaintiff here is seeking a declaratory judgment as to the constitutionality of two state statutes, the bulk of Plaintiff's claims seek monetary damages." *Id.*

In contrast, to the extent that N.M. seeks monetary claims here, they arise from and are ancillary to her attempts to ensure the District provides a "free appropriate public education" to J.T. in accordance with his rights under the IDEA and other statutes. This is reflected in the relief sought in the lawsuit, which primarily focus on J.T.'s educational experience. For example, the complaint requests a "Compensatory fund for student," an order directing "the District to train its staff on identifying and referring students for assessments for mental health and IDEA related disabilities," and a finding that "the District denied student a [free appropriate public education]." Compl. at 27. On these facts, the Court does not find that there currently is a conflict of interest that casts doubt upon N.M.'s ability to protect J.T.'s interests as his guardian ad litem. *See A.A. v. Clovis Unified Sch. Dist.*, No. 113CV01043AWIMJS, 2018 WL 1167927, at *3 (E.D. Cal. Mar. 6, 2018), *report and recommendation adopted*, No. 113CV01043AWIMJS, 2018 WL 1453243 (E.D. Cal. Mar. 23, 2018) (appointing parents as guardians ad litem where they brought action "largely on behalf of their minor son" and the "claims brought on their own behalf relate to their efforts to secure at their own expense an appropriate education for A.A., Jr.").

Of course, if a conflict becomes apparent, such as if the parties reach a settlement and the proposed terms of the settlement give rise to concerns about a potential conflict of interest between N.M. and J.T. (such as N.M. obtaining damages for herself), the Court reserves the right to appoint an independent guardian ad litem. *See Burns v. United States*, No. 12-CV-2957-DMS

4

(MDD), 2015 WL 12564299, at *5–6 (S.D. Cal. May 13, 2015) (ordering parties to address why the court should not "disqualify [minor's] parents as her guardians ad litem and [instead] require the appointment of a new guardian ad litem" where under the proposed settlement, the minor's "interest may have been compromised by [her parents'] own interest in receiving money in exchange for waiving their potential wrongful death claims").

The District separately urges the Court to consider "N.M.'s physical absence *during all nine days of the administrative hearing below*" in assessing her suitability as a guardian ad litem. Docket No. 20 at 6 (emphasis in original). N.M. responds that she "appeared at hearing [sic] telephonically" and was physically absent because she was "on medical bed rest." Docket No. 21 at 4. The OAH decision notes that "Parent was contacted by telephone on the record and verbally gave permission for the hearing to proceed in her absence," and that J.H.'s counsel, as well as a parent advocate, director of operations, and paralegal from counsel's office, were present "throughout the hearing." Docket No. 1-1, Exh. 2 at 1. The District cites no cases to support the proposition that an individual's absence alone from the court proceedings of a minor represented by counsel renders the individual unsuitable as a guardian ad litem. And the factual findings made by the OAH show that N.M. has been consistently involved with J.T.'s schooling and, even before bringing this case against the District, acted repeatedly to assert what she believes to be J.T.'s educational rights. *See, e.g.*, Docket No. 1-1, Exh. 2 at 5 ("Parent shared Student's San Francisco triennial IEP with Antioch when she enrolled Student in the District" and brought "Student's special education teacher and case manager from San Francisco" to an IEP team meeting "to explain the program that Student had been attending); *id.* at 7 (noting that N.M. sent "emails documenting Parent's complaints about Student's services to the general education teacher"). Thus, the record indicates that N.M. "is acting in good faith to protect [J.H.'s] interests" and "has demonstrated concern for [J.H.]'s well-being" in this case, and would be an appropriate guardian ad litem for J.H. *Castillo-Ramirez v. Cty. of Sonoma*, No. C-09-5938 EMC, 2010 WL 2802563, at *1–2 (N.D. Cal. July 15, 2010).

### III. CONCLUSION

For the foregoing reasons, the motion for N.M. to be appointed as J.T.'s guardian ad litem

is **GRANTED**.

This Order disposes of Docket No. 24.

**IT IS SO ORDERED**.

Dated: September 11, 2018

_____
EDWARD M. CHEN
United States District Judge