UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. T., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ANTIOCH UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants.<br><br>ANTIOCH UNIFIED SCHOOL DISTRICT,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>SPECTRUM CENTER, INC., et al.<br><br>    Third-Party Defendants. | Case No. 18-cv-02992-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THIRD-PARTY COMPLAINT OR FOR JUDGMENT ON THE PLEADINGS**<br><br>Docket No. 75 |

Plaintiffs J.T., a minor student with learning disabilities, and his mother, N.M., filed suit against Defendant Antioch Unified School District ("AUSD") for placing J.T. at Spectrum Center, Inc. ("Spectrum"), a non-public school for students with behavioral issues, without N.M.'s consent. Docket No. 40 (First Amended Complaint or "FAC"). J.T. alleges that he was subjected to physical and verbal abuse at Spectrum. *Id.* In April 2019, AUSD filed a Third-Party Complaint ("TPC") against Spectrum and Spectrum's insurer, Philadelphia Indemnity Insurance Company ("PIIC"). Docket No. 63. AUSD alleges that PIIC breached its duty to defend and indemnify under insurance policies that covered AUSD as Spectrum's additional insured. Currently before the Court is PIIC's motion to dismiss the TPC or for judgment on the pleadings. Docket No. 75 ("Mot."). For the reasons stated on the record at the June 21, 2019 hearing and discussed below,

the Court **GRANTS in part** and **DENIES in part** PIIC's motion.

## I. DISCUSSION

PIIC argues that it does not have a duty to defend AUSD because AUSD does not qualify as an additional insured under Spectrum's policies and, independently, the professional services exclusion in the policies bars J.T.'s claims. Mot. at 13–16. Because PIIC believes it does not owe AUSD any duty to defend, it contends that AUSD's breach of insurance contract and breach of covenant of good faith and fair dealing claims both fail. *Id.* at 19.

A. <u>Breach of Contractual Duty to Defend</u>

    1. <u>Additional Insured</u>

PIIC's arguments for dismissal are premised on the two Commercial General Liability ("CGL") policies it issued to Spectrum—PHPK 1178383 and PHPK 1342397.[1] Docket No. 77 ("Conroy Decl."). Both policies define who qualifies as an additional insured as follows:

> Who Is An Insured is amended to included *[sic.]* as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by [Spectrum's] acts or omissions of those acting on [Spectrum's] behalf . . . .

Conroy Decl., Exh. 3 at PHLY000422, Exh. 4 at PHLY001035.

PIIC argues that AUSD does not qualify as additional insured under this provision because J.T. did not specifically name Spectrum as a defendant or identify Spectrum as negligent in his

---

[1] PIIC asks the Court to review these policies, which are not attached to the TPC, under the doctrine of incorporation by reference. Mot. at 13. The Court will do so because all of AUSD's claims against PIIC are predicated on these two policies, which the TPC identifies by date and policy number. TPC ¶¶ 19–20 (alleging that AUSD is an additional insured under the two policies); *see Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

To the extent AUSD claims that it is covered under other PIIC policies, AUSD has not sufficiently alleged their existence. A breach of contract action requires pleading of a contract "either by its terms . . . or by its legal effect." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006). AUSD's mere mention that it "was named as an additional insured on all policies of insurance issued by Third-Party Defendant PIIC . . . including but not limited to" PHPK 1178383 and PHPK 1342397, does not plead the terms or legal effect of the other policies. TPC ¶ 20.

underlying complaint. Mot. at 14. California courts have consistently rejected this argument. Under California law, an insurer "bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 276–77 (1966). The "bare 'potential' or 'possibility' of coverage" is sufficient to trigger the duty to defend, whereas facts "merely tending to show that the claim is not covered, or may not be covered . . . are insufficient to eliminate the possibility that resultant damages [] will fall within the scope of coverage." *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 300 (1993).

The policies here classify AUSD as an additional insured so long as it is being subject to liability for injury "caused, in whole or in part, by [Spectrum's] acts or omissions of those acting on [Spectrum's] behalf," and J.T. alleges that he suffered physical and emotional abuse while receiving instruction at Spectrum. FAC ¶¶ 63, 79. These allegations present the "bare 'potential' or 'possibility' of coverage" sufficient to trigger PIIC's duty to defend, even if J.T. did not explicitly name Spectrum as a defendant. *Montrose Chem.*, 6 Cal. 4th at 300; *see UDC-Universal Dev., L.P. v. CH2M Hill*, 181 Cal. App. 4th 10, 21 (2010) (holding that a complaint that did not specifically identify each liable party nonetheless "implicated" their liability); *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal. 4th 643, 654 (2005) (holding that the duty to defend is not excused where "the [plaintiff's] complaint could fairly be amended to state a covered liability.").

Accordingly, PIIC had a defense duty upon receipt of AUSD's tender.

2. Professional Services Exclusion

PIIC next argues that even if AUSD qualifies as an additional insured, the professional services exclusion in the two CGL policies bars AUSD from coverage because J.T.'s injuries occurred during Spectrum's provision of educational services. Mot. at 16. The exclusion states in pertinent part:

> This insurance does not apply to:
>
> "Bodily injury," "property damage," "personal injury," or "advertising injury" arising out of:
> . . .
> "A professional incident" as defined herein.
>
> "Professional incident" means any actual or alleged negligent:

|   |   |
|---|---|
| 1 | a. Act |
|   | b. Error; or |
| 2 | c. Omission; or |
|   | d. Misstatement or misleading statement; or |
| 3 | e. Breach of duty. |

> a. Act
> b. Error; or
> c. Omission; or
> d. Misstatement or misleading statement; or
> e. Breach of duty.
>
> In the actual rendering of professional services to others, including counseling services, in your capacity as an educational institution.

Conroy Decl., Exh. 3 at PHLY000411, Exh. 4 at PHLY001024.

Professional services are those "involving specialized knowledge, labor, or skill . . . predominantly mental or intellectual, rather than physical or manual." *Energy Ins. Mut. Ltd. v. Ace Am. Ins. Co.*, 14 Cal. App. 5th 281, 292 (2017). The professional services exclusion thus excludes from insurance coverage claims arising from professional negligence. *See, e.g.*, *Hollingsworth v. Commercial Union Ins. Co.*, 208 Cal. App. 3d 800, 808 (1989) (no coverage for customer injured during ear piercing performed at cosmetics store). On the other hand, the exclusion does not apply where the injurious conduct is "based on work outside of the scope of that typically performed." *N. Ctys. Eng'g, Inc. v. State Farm Gen. Ins. Co.*, 224 Cal. App. 4th 902, 930 (2014); *see, e.g.*, *W. World Ins. Co. v. Nonprofits Ins. All. of California*, 295 F. Supp. 3d 1071, 1080–81 (N.D. Cal. 2018) (holding that an addiction treatment center's alleged provision of alcohol and drugs to patients could not be fairly characterized as professional services because it "ha[d] nothing to do with the underlying profession [of addiction treatment]").

Here, J.T.'s complaint alleges without much supporting detail that he was subjected to "physical and emotional abuse," "racial discrimination," "segregation," and "verbal putdowns" at Spectrum. FAC ¶¶ 63, 79, 162, 166. Although it is possible that the "abuse" falls within the scope of the exclusion—*e.g.*, disciplinary actions prescribed by Spectrum's education policies—two principles inform the analysis at issue at the motion to dismiss stage. First, "[a] complaint is to be liberally construed in favor of potential coverage." *Gonzalez v. Fire Ins. Exch.*, 234 Cal. App. 4th 1220, 1230 (2015). Second, insurance exclusions must be construed "narrowly against the insurer." *N. Ctys. Eng'g*, 224 Cal. App. 4th at 927. Construing the facts in AUSD's favor, J.T.'s alleged abuse could have been caused by wanton acts of abuse and discrimination unrelated to the type of educational service that Spectrum was contracted to perform. *See Food Pro Internat., Inc. v. Farmers Ins. Exch.*, 169 Cal. App. 4th 976, 987–88 (2008). Even if it is later

4

found that Spectrum's conduct did arise out services within the ambit of the exclusion, the *potential* of Spectrum's liability raised by J.T.'s complaint is sufficient to trigger PIIC's duty to defend for purposes of the instant motion to dismiss. *See Gray*, 65 Cal. 2d at 276–77. This does not preclude subsequent review of the issue in any future motion such as for summary judgment.

B.  Breach of Implied Covenant of Good Faith and Fair Dealing

AUSD alleges that PIIC "in bad faith breached their duties to defend and indemnify AUSD, including but not necessarily limited to failing to investigate or even respond to AUSD's tender demand." TPC ¶ 81. The implied covenant of good faith and fair dealing in every insurance contract "entails a duty to investigate properly submitted claims," and "unreasonable" actions by an insurer "taken without proper cause" violate the implied covenant. *Shade Foods, Inc. v. Innovative Prod. Sales & Mktg.*, Inc., 78 Cal. App. 4th 847, 851–52 (2000). Here, PIIC refused to defend AUSD based on its interpretation that AUSD is not an additional insured under the policies. "[A]n erroneous interpretation of an insurance contract by an insurer does not necessarily make the insurer liable in tort for violating the covenant of good faith and fair dealing." *Brandt v. Superior Court*, 37 Cal. 3d 813, 819 (1985) (alteration in original). AUSD conclusorily alleges that PIIC "fail[ed] to investigate" AUSD's tendered demand. This conclusory allegation is not enough to suggest that PIIC acted unreasonably in denying AUSD's tender demand.

Accordingly, AUSD's allegations do not support a claim for breach of the covenant of good faith and fair dealing. However, AUSD may amend the claim if it can plausibly plead facts showing that PIIC's refusal to defend was unreasonable or in bad faith. *See, e.g.*, *Tibbs v. Great American Ins. Co.*, 755 F.2d 1370, 1372 (9th Cir. 1985) (an insurer's refusal to defend was in bad faith when the insurer did not compare the claim with the insurance policy "or even inspect the policy itself"); *Howard v. Am. Nat'l Fire Ins. Co.*, 187 Cal. App. 4th 498, 531 (2010) (insurer's "unfair and selective reading" of deposition testimony that favored non-coverage was a breach of the implied covenant of good faith and fair dealing).

## II. CONCLUSION

For the reasons stated herein, PIIC's motion to dismiss AUSD's breach of insurance contract claim is **DENIED**. PIIC's motion to dismiss AUSD's claim for breach of the covenant of good faith and fair dealing is **GRANTED** and that claim is dismissed with leave to amend within 30 days.

This order disposes of Docket No. 75.

**IT IS SO ORDERED**.

Dated: June 28, 2019

EDWARD M. CHEN
United States District Judge