UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| J. T., et al., | Case No. 18-cv-02992-LB |
| Plaintiffs, | |
| v. | **ORDER APPROVING MINOR'S SETTLEMENT** |
| ANTIOCH UNIFIED SCHOOL DISTRICT, et al., | Re: ECF No. 104 |
| Defendants. | |

The plaintiff filed an unopposed motion for the court's approval of the minor's compromise.[1] The court can decide the motion without oral argument, *see* N.D. Cal. Civ. L. R. 7-1(b), and grants the motion.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian *ad litem* — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P .17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court

---

[1] Mot. – ECF No. 104; Notice – ECF No. 106. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. The parties consented to the undersigned's jurisdiction. Joint Consent – ECF No. 102.

ORDER – No. 18-cv-02992-LB

United States District Court
Northern District of California

to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Ninth Circuit has also made clear that, in cases involving the settlement of federal claims, district court judges should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Id.* at 1181–82 (citing *Dacanay*, 573 F.2d at 1078).

In the proceedings before the Office of Administrative Hearings, the District prevailed on all issues but one, and the student prevailed on a procedural issue about the appropriate participants at an Individualized Assessment Program ("IEP") meeting.[2] To remedy the procedural violation concerning the proper IEP participants, the Administrative Law Judge ordered one hour of training on required IEP procedures by trainers who were not employed by the District.[3] The plaintiff appealed, and the case ultimately settled for attorney's fees and a $10,000 payment to the student for funding for programs, classes, and a computer.[4] Given the facts of the case and the minor's specific claims, the settlement is fair and reasonable, and the attorney's fees and costs are reasonable and appropriate.

In sum, the court approves the unopposed minor's compromise.

**IT IS SO ORDERED.**

Dated: December 9, 2019

_____
LAUREL BEELER
United States Magistrate Judge

---

[2] Mot. – ECF No. 104 at 3.

[3] *Id.*

[4] *Id.* at 3.